

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) NO. 1:07mj 853 | |
| ) | |
| PERVAIZ ARSHAD, ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT AND ARREST WARRANT

I, James A. Godley, being duly sworn, hereby depose and state as follows:

### I. INTRODUCTION

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI"), assigned to the Financial Institution Fraud Squad, Falls Church, Virginia. I have been an FBI Special Agent for over six years. My duties with the FBI include, but are not limited to, the investigation of numerous criminal violations of the United States Code, including violations of Title 18, United States Code, Sections 1001 (False Statements), 1344 (Bank Fraud), 371 (Conspiracy), and 1028 (Identity Fraud), which involve criminal activities within the purview of the jurisdiction of the FBI.

2. The information contained in this affidavit is based upon my personal knowledge and observations during the course of this investigation; on information provided to me by other individuals and law enforcement officials; and on my surveillance and review of records, documents and other physical evidence obtained during the course of this

investigation. This affidavit is being submitted for the limited purpose of securing one arrest warrant. I set forth herein only those facts and circumstances which I believe are necessary to establish probable cause for the issuance of the requested arrest warrant.

3. Based upon the investigation conducted by me and other Federal agents, I respectfully submit that the facts set forth in this affidavit establish that there is probable cause to believe that, within the Eastern District of Virginia, PERVAIZ ARSHAD and others willfully conspired, in violation of Title 18, United States Code, Section 371, to: (1) make a materially false, fictitious, and fraudulent statements, and make and use false writings and documents in a matter within the jurisdiction of the executive branch of the United States government, to wit, false Uniform Residential Loan Applications,[1] in order to qualify for home mortgage loans from such lenders as Countrywide Home Loans, Home Loan Center, doing business as Lending Tree Loans, and others (18 USC 1001); and (2) falsely make, forge and counterfeit any passport and instrument purporting to be a passport with intent that the same be used (18 USC 1543).

## II.   BACKGROUND

4. The affidavit is submitted in support of criminal complaint and arrest warrant charging

---

[1] Section nine (9) of The Uniform Residential Loan Application, titled "Acknowledgment and Agreement," contains the following language
:
> [t]he information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in ... criminal penalties, including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec.1001...

Pervaiz Arshad with knowingly and willfully providing false statements or representation in violation of Title 18, U.S.C., §1001, and knowingly and willfully executing a scheme to falsely make, forge and counterfeit any passport and instrument purporting to be a passport with intent that the same be used in violation of Title 18, U.S.C., §1543.

5. The facts and information contained in this affidavit are based upon my personal knowledge as well as the observations of other agents and officers involved in this investigation. All observations set forth in this affidavit that were not personally made by me were related to me by the person who made the observations.

6. This affidavit contains information necessary to support probable cause for this application. It is not intended to include each and every fact and matter observed by me or known to the government.

### III. FACTS SUPPORTING PROBABLE CAUSE

7. On July 13, 2007, FBI Special Agent Glenn Mai, acting in an undercover capacity, met PERVAIZ ARSHAD, a woman named PARVEEN BHATTI, and another person at the Tysons Corner Center shopping mall, in McLean, Virginia. The meeting was held because of PERVAIZ ARSHAD's stated desire to assist PARVEEN BHATTI in leaving the United States and traveling into Canada. It was agreed that SA Mai would produce false Canadian passport documents for PARVEEN BHATTI, and would assist in transporting PARVEEN BHATTI from the United States into Canada. PARVEEN BHATTI purchased passport photographs of herself in the course of the meeting, for use in those false Canadian passport documents. SA Mai told PERVAIZ ARSHAD and PARVEEN BHATTI that the cost of the false documents and the transportation would be

approximately $20,000. PERVAIZ ARSHAD and PARVEEN BHATTI paid SA Mai $500 toward the purchase of the documents and transportation, and provided SA Mai with the store receipt to retrieve Bhatti's passport photographs.

8. According to a review of public records, between approximately March 13, 2007, and May 4, 2007, PARVEEN BHATTI purchased at least seven (7) houses in Northern Virginia, with a total aggregate sales price of approximately $4,134,000.

9. I have reviewed a portion of the purchase and settlement records maintained by the lending institutions for the aforementioned houses. According to PARVEEN BHATTI's Uniform Residential Loan Application submitted to Countrywide Home Loans, dated March 13, 2007, for the purchase of 3099 Tecumseh Court, Woodbridge, Virginia, PARVEEN BHATTI's income is $8,500 per month, and her employer is "Global Consulting," purportedly located at 1420 Supreme Hill Drive [sic], McLean, Virginia, where she purportedly worked for three years and four months.

10. According to PARVEEN BHATTI's Uniform Residential Loan Application submitted to Countrywide Home Loans, dated April 20, 2007, for the purchase of 16600 Badger Court, Dumfries, Virginia, Bhatti's income is $11,249 per month, and her employer is "Global IT Consultants," purportedly located at 1420 Spring Hill Drive, Suite 600, McLean, Virginia, where she purportedly worked for two years and two months.

11. According to PARVEEN BHATTI's Uniform Residential Loan Application submitted to the Home Loan Center, Inc., doing business as Lending Tree Loan, dated April 20, 2007, for the purchase of 9084 Furey Road, Lorton, Virginia, PARVEEN BHATTI's income is $13,200 per month, and her employer is "Global IT Consultants," purportedly located at

1420 Springhill Drive, Suite 600, McLean, Virginia, where she purportedly has worked for "2.1" years.

12. According to PARVEEN BHATTI's Uniform Residential Loan Application submitted to Alpha Mortgage Corporation, dated April 27, 2007, for the purchase of 14925 Southern Crossing Street, Haymarket, Virginia, PARVEEN BHATTI's income is $11,249 per month, and her employer is "Global IT Consultants," purportedly located at 1420 Springhill Drive, #600, McLean, Virginia, where she purportedly worked for two years and one month.

13. On August 8, 2007, I interviewed Susana Anderson, the Operations Manager at Source Office Suites, Inc., 1420 Spring Hill Road, Suite 600, McLean, Virginia. Anderson was familiar with Global IT Solutions, and recalled having dealt with PARVEEN BHATTI, and her husband "Peter Bhatti." Anderson said that Global IT Solutions became a client of Source Office Suites approximately two to three months ago. Anderson said that Global IT Solutions recently terminated their contract with Source Office Suites. Anderson recalled that PARVEEN BHATTI and "Peter Bhatti" initially came in together, but "Peter Bhatti" conducted all of the negotiations and set everything up for Global IT Consultants. Anderson recalled that PARVEEN BHATTI and "Peter Bhatti" did not bring completed credit checks to the initial meeting at Source Office Suites. "Peter Bhatti" returned the next day with PARVEEN BHATTI's credit report, and "Peter Bhatti" said PARVEEN BHATTI had better credit, and they wanted to set the business up in her name. Anderson did not deal with PARVEEN BHATTI after their initial meeting. "Peter Bhatti" was the only person from Global IT Solutions that Source Office Suites personnel dealt with.

Anderson said that there was nobody else associated with Global IT Solutions. Anderson was shown a color photograph of PARVEEN BHATTI, with all of Bhatti's identifying information omitted. Anderson positively identified the person in the photograph as the person she knew as Parveen Bhatti. Anderson was shown a color photograph of PERVAIZ ARSHAD, with all of Arshad's identifying information omitted. Anderson positively identified the person in the photograph as the person she knows as "Peter Bhatti."

14. I have reviewed documents maintained by Source Office Suites related to Global IT Solutions. According to a two page document titled "Business Identity Program Agreement," dated February 8, 2007, a signature appeared below the typed name PARVEEN BHATTI. According to a document titled "Change in Reception Services," dated February 28, 2007, pertaining to Global IT Consultants, the employee names are provided as Parven Bhatti [sic] and Peter Bhatti. According to a document titled "Notice to Terminate Phone Services," issued in the name of PARVEEN BHATTI, the following typed language appears, in part: "This notice is regarding to terminate phone services from June 15, 2007 for Global IT consultants. This notice will serve as from June 1st, 2007 through June 30th, 2007."[sic]

15. On August 10, 2007, SA Mai met PERVAIZ ARSHAD, and PARVEEN BHATTI in Vienna, Virginia by prior arrangement. The purpose of the meeting was for SA Mai, PERVAIZ ARSHAD, and PARVEEN BHATTI to begin traveling from the United States to Canada, and for SA Mai to provide PERVAIZ ARSHAD, and PARVEEN BHATTI with the false Canadian passport documents. PERVAIZ ARSHAD, and PARVEEN

BHATTI arrived at the meeting in PERVAIZ ARSHAD's vehicle, a 1997 Mercury Grand Marquis, bearing Virginia license plate JYC 1197. During the meeting, ARSHAD showed SA Mai that he had the money to pay for the false Canadian documents, and SA Mai physically handed ARSHAD the purported fraudulent Canadian passport documents. As described in more detail below, ARSHAD agreed to be interviewed on August 10, 2007, and he was driven to and from the interview in your affiant's official Government vehicle. The false Canadian passport document was recovered from the back seat of your affiant's official Government vehicle on August 10, 2007.

16. On August 10, 2007, PARVEEN BHATTI was arrested by the Fairfax County Police Department and charged with Larceny by False Pretense and False Application for a Loan. Pursuant to her arrest, PARVEEN BHATTI was interviewed with the assistance of an interpreter. In part, PARVEEN BHATTI stated that she is the owner of Global IT Solutions, but never made any money from Global IT Solutions, and never sold anything doing business as Global IT Solutions. She further stated that Global IT Solutions did not have any customers, and that she never earned a salary from Global IT Solutions, and was never paid anything by Global IT Solutions. PARVEEN BHATTI said that PERVAIZ ARSHAD recommended the office space where Global IT Solutions was established, and that PERVAIZ ARSHAD took PARVEEN BHATTI there. PARVEEN BHATTI said that Global IT Solutions was set up a couple of months ago. PARVEEN BHATTI stated that her last full-time employment was at the 7-Eleven store located at Landover Mall. PARVEEN BHATTI explained that she worked for 7-Eleven from 1988 to 1993. Since that time, PARVEEN BHATTI's only source of income has been through singing at

birthday and wedding parties, where she receives approximately $200 to $500 per event. On occasion, PARVEEN BHATTI may receive $1,000 for an event. PARVEEN BHATTI also said she performs "odd jobs," such as house cleaning, elder care, and baby sitting.

17. During the August 10, 2007 interview of PARVEEN BHATTI, in reference to the aforementioned house purchases, PARVEEN BHATTI said that PERVAIZ ARSHAD selected all of the houses for PARVEEN BHATTI to purchase, and that PERVAIZ ARSHAD made all of the decisions on the purchase prices of the houses and which ones to purchase, and that PERVAIZ ARSHAD took PARVEEN BHATTI to sign all of the purchase paperwork. PARVEEN BHATTI stated that she did not attend closings in an office, but rather she signed all loan documents in a car in the presence of PERVAIZ ARSHAD. PARVEEN BHATTI said that she did not get any money before or after the house purchases. PARVEEN BHATTI said that PERVAIZ ARSHAD has all of the mortgage papers, but she is not sure where he keeps them.

18. PERVAIZ ARSHAD agreed to be interviewed on August 10, 2007, and I participated in the interview. During the interview, PERVAIZ ARSHAD was found to have $20,000 in cash on his person. During the interview, among other statements, PERVAIZ ARSHAD said that he does not maintain a safe deposit box at any bank and has never used the name Peter Bhatti PERVAIZ ARSHAD provided consent for FBI agents to conduct a search of his house, located at 7833 Patriot Drive, Annandale, Virginia. PERVAIZ ARSHAD was returned to his vehicle, and was advised that FBI agents would follow him on the drive to his house. PERVAIZ ARSHAD was alone in his vehicle. I observed PERVAIZ ARSHAD park his vehicle on the street in the 7800 block of Patriot Drive, Annandale,

Virginia, next to a storm drain, which is across the street from his residence. I observed PERVAIZ ARSHAD open the front driver's side door, as well as the front passenger side door. I observed PERVAIZ ARSHAD exit his vehicle from the front driver's side, walk around the back of the vehicle to the front passenger-side door. My view of PERVAIZ ARSHAD was obstructed by PERVAIZ ARSHAD's vehicle as he bent down on the passenger side of the vehicle. I joined PERVAIZ ARSHAD at his vehicle and asked him if he disposed of anything in the storm drain. PERVAIZ ARSHAD denied disposing of anything in the storm drain, and explained that he was adjusting the passenger side seat belt, which was caught in the door.

19. On August 15, 2007, I recovered items from the storm drain in the 7800 block of Patriot Drive, Annandale, Virginia, including a small red "safe deposit box key" envelope that contained a handwritten note "152." The envelope contained two keys.

20. On August 16, 2007, a BB&T Bank security official advised me that safe deposit box #152, located at 2947 South Glebe Road, Arlington, Virginia, 22206, is rented in the names of PERVAIZ ARSHAD and Riffat K. Nawaz.

21. Pursuant to a search warrant signed by Honorable T. RAWLES JONES, Jr., United States Magistrate Judge, United States District Court, Eastern District of Virginia, on August 20, 2007 I executed a search warrant on BB&T Bank safe deposit box #152, located at 2947 South Glebe Road, Arlington, Virginia, 22206. I made entry into the safe deposit box via a BB&T Bank master key, as well as the aforementioned two keys that I recovered from the storm drain. I confirmed that both safe deposit box keys fit the lock on the safe deposit box and turned the lock to open the box. I observed and seized the following items from

safe deposit box #152: a BB&T Bank checkbook for an account held in the name of Global IT Consultants, 1420 Springhill Drive, #600, Mclean, Virginia; a Fairfax County, Virginia document titled, "Temporary Certificate of Business, Professional and Occupational License" in which the owner name was provided as Parveen Bhatti, the trade name was provided as Global IT Consultants, and the issue date was provided as March 1, 2007; and an Internal Revenue Service letter dated March 20, 2007, addressed to Global IT Consultants, 1420 Springhill Drive, #600, Mclean, Virginia, which stated that Employer Identification Number (EIN) 20-8629330 was assigned to Global IT Consultants.

22. I respectfully submit that the foregoing facts set forth above in this affidavit establish that there is probable cause to believe that PERVAIZ ARSHAD and others knowingly conspired to submit false statements and writings (18 U.S.C. §1001) and to falsely make, forge and counterfeit any passport and instrument purporting to be a passport with intent that the same be used (18, U.S.C. §1543).

23. Further I say not.

JAMES A. GODLEY
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me on this __19th__ day of September, 2007.

/s/Thomas Rawles Jones, Jr.
_____
T. RAWLES JONES, JR.
United States Magistrate Judge